(114 So. 215)

## ST. LOUIS–SAN FRANCISCO RY. CO. v. GUTHRIE. (6 Div. 970.)

Supreme Court of Alabama. Oct. 20, 1927.

**1. Railroads ☞304—Leaving train across highway without lights to disclose presence is not per se negligence.**

Mere leaving of train across highway at night without lights or other signals to disclose its presence there is not per se negligence, and because condition of obstruction is unreasonably prolonged makes no difference in the application of the rule.

**2. Railroads ☞304—Leaving train across highway without lights is negligence, where trainmen, exercising reasonable care, should know motorists would likely collide with train.**

To charge railroad with negligence in leaving train at night across highway without lights or other signals to disclose its presence, motorist injured must show that trainmen, exercising reasonable care, should know that, because of darkness, cars were such obstruction that people traveling in automobiles properly equipped with lights and carefully operated at reasonable rate of speed would be likely to come into collision with them.

**3. Railroads ☞344(3)—Complaint, alleging negligence of railroad in leaving train across highway without lights, causing injuries to automobile passenger, held good on demurrer.**

In action for injuries sustained by automobile passenger in collision of automobile with railroad train across highway at night having no lights, complaint, alleging, among other things, that plaintiff's injuries were proximately caused by negligence of defendant's agents while acting in line of their duty in this, "that said agents, servants, or employees negligently obstructed or blocked crossing on said highway," held good, as against demurrer, since general allegation mentioned, in connection with what preceded it, was sufficient to put defendant to its defense.

**4. Railroads ☞345(1)—Burden was on injured motorist to prove trainmen's negligence in leaving train across highway without lights.**

Burden was on automobile passenger, suing for injuries sustained in collision of automobile with train, to prove negligence of trainmen in leaving train across highway at night without lights, flagman, or signals to notify automobile driver of presence of train.

**5. Railroads ☞350(3)—Evidence of negligence in leaving train across highway without lights held insufficient for jury.**

In action by automobile passenger against railroad for injuries sustained in collision of automobile with train at crossing, evidence of negligence of trainmen in leaving train across highway at night without lights, flagmen, or signals to notify automobile driver of presence of train, held insufficient for jury.

**6. Railroads ☞351(2)—Court's reading to jury statute relating to duties on approaching crossings, not applying to alleged negligence in leaving train across highway, held error (Code 1923, § 9952).**

In action for injuries sustained by motorist in collision of automobile with train standing at crossing, court's reading Code 1923, § 9952, relating to duty of engineers as to ringing bell or blowing whistle when approaching crossing, but having nothing to do with question of alleged negligence in allowing train to remain across highway, when jury requested further instruction, held error.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action for damages by John Guthrie against the St. Louis–San Francisco Railway Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

The complaint is as follows:

### Count 1.

The plaintiff claims of the defendant the sum of $2,000, as damages for that heretofore on. to wit, February 2, 1926, the defendant was operating a railroad through the town of Townley, in Walker county, Ala., and that it had a spur track over which the Bankhead highway, a public road, passed; that, on the night of said date, during a rain, the agents or servants of the defendant, acting within the line of their duty and scope of their authority, obstructed said highway by placing box cars across the same; that when said highway was so obstructed the said agents and servants so in charge of said train failed to furnish any person to flag the said crossing; failed to furnish any light or signal of said blocking of said highway; failed to cause the whistle to blow or the bell to ring; and plaintiff alleges that he was a passenger in an automobile and had no control over its operation, and that while said highway was so blocked said automobile ran against the box cars so blocking said highway and plaintiff was thrown through the windshield and against the box car, greatly injuring his face, his shoulders,

and his arm, cutting his hand and fingers and permanently injuring and disfiguring the same; that he lost a great deal of time from his work; that he suffered great mental and physical pain, and still suffers same; that his hand is permanently injured; that he incurred large doctor's bills in the treatment of said wounds; and plaintiff avers that his injuries were proximately caused by reason and as a proximate consequence of the negligence of the agents, servants, or employees of the defendant while acting within the line of their duty and scope of their authority, in this, that said agents, servants, or employees negligently obstructed or blocked the crossing on said highway.

### Count 2.

For count 2, the plaintiff adopts all the words and figures of count 1 and adds thereto the following: For an unreasonable length of time, and without furnishing any flagman or signals to warn passengers upon said public highway.

To the complaint these grounds of demurrer were interposed:

(1) Because it fails to state facts sufficient to constitute a cause of action.

(2) The facts as therein stated fail to show any negligence on the part of defendant's agents, servants, or employees.

(3) The facts as therein stated fail to show wherein defendant violated any duty it owed plaintiff.

A. It is not shown that defendant willfully blocked or obstructed the crossing.

B. The facts stated are not sufficient to show any actionable negligence based upon the blocking of the crossing.

C. It is not shown that the leaving the train on the crossing for the time that it remained constituted negligence.

D. The averment of negligence is a mere conclusion of the pleader.

E. No sufficient facts are shown to create a duty on defendant to give notice or warning of the presence of the train on the crossing.

F. The averments of the count show the plaintiff was guilty of contributory negligence.

G. It is not shown how long the crossing was obstructed.

H. It is not shown that the crossing was obstructed for six hours.

J. No sufficient facts are stated to show that defendant was under a duty to warn or signal the plaintiff that the train was blocking or obstructing the crossing.

K. No sufficient facts are alleged to show that defendant was under a duty to plaintiff to cause the whistle on the train to be blown or the bell to be rung while the train was obstructing the crossing.

L. It is not alleged or shown that defendant owed a duty to plaintiff the violation of which proximately contributed to plaintiff's injury.

M. Because the defendant was under no duty on the facts stated to blow the whistle or ring the bell while the train was obstructing the crossing.

Bankhead & Bankhead, of Jasper, for appellant.

The complaint does not state a cause of action. Mayson's Case, 7 Ala. App. 588, 62 So. 253; Smith's Case, 171 Ala. 255, 55 So. 170; Southern Ry. Co. v. Jarvis, 11 Ala. App. 635, 66 So. 936. A party cannot sue upon one cause of action and recover upon another; allegata and probata must correspond. 6 Mayfield's Dig. 728. The statute, requiring the blowing of whistle and ringing of bell, was designed for the protection of persons who may be in front of approaching trains. C. of G. v. Chambers, 183 Ala. 155, 62 So. 724. It is not in itself negligence for a railway company to allow a train of cars to remain a reasonable time or lawful length of time across a highway. P. & R. R. Co. v. Dillon, 1 W. W. Harr. (Del.) 247, 114 A. 62, 15 A. L. R. 894. The railroad company is entitled to obstruct a highway grade crossing by its cars or trains for a reasonable time, and is not required to give warning to travelers on the highway of the obstruction. Nadasky v. Public Service R. Co., 97 N. J. Law, 400, 117 A. 478; Berry on Automobiles, 751. No greater care was imposed upon the defendant than upon the plaintiff. Morris v. Atlantic City R. Co., 100 N. J. Law, 328, 126 A. 295.

Curtis, Pennington & Pou, of Jasper, for appellee.

The negligence of the driver of an automobile is not imputable to a passenger or guest. If the defendant's servants or agents were guilty of any negligence, defendant was liable for plaintiff's injury. L. & N. v. Calvert, 170 Ala. 565, 54 So. 184; B. T. R. Co. v. Carpenter, 194 Ala. 141, 69 So. 626; Nor. Ala. v. Thomas, 164 Ala. 191, 51 So. 418; C. of G. v. Jones, 195 Ala. 380, 70 So. 729; Elyton Land Co. v. Mingea, 89 Ala. 521, 7 So. 666. Every member of the public and railroad companies have mutual rights, and owe each other mutual obligations in the use of public crossings. L. & N. v. Loyd, 186 Ala. 129, 65 So. 153. The train was backed across the highway and the statute applied. Code 1923, § 9952; Southern Ry. Co. v. Shipp, 169 Ala. 327, 53 So. 150. The question of negligence was properly left to the jury. Amerson v. Coronoa Coal Co., 194 Ala. 175, 69 So. 601; Penticost v. Massey, 202 Ala. 681, 81 So. 637.

SAYRE, J. [1, 2] Appellee's complaint is set out in the report of the case. It will be noted that the allegation is, in substance, that defendant, in the nighttime, obstructed the highway by placing box cars across the same, and that the automobile in which plaintiff was a passenger ran against the cars, whereby he was injured. The complaint appears to proceed upon the theory that the derelictions of the defendant particularized therein in and of themselves, that is, without further statement or qualification, constituted actionable negligence. Well-considered adjudications in other jurisdictions hold to the contrary. The rule is that, in the absence of statutory re-

quirement, the mere leaving of a train across the highway without lights or other signals to disclose its presence there is not per se negligence, and that, as for injuries received by running into the train, the obstruction of the highway is not to be considered as the efficient cause of such injuries, but merely as a condition which in and of itself furnishes no cause of action, and the fact that the condition of obstruction is unreasonably prolonged makes no difference in the application of the rule. The rule sanctioned by the authorities to which we have referred is that, in order to charge the railroad with negligence in such a case, it must be shown that defendant's employees in charge of the train, in the exercise of reasonable care, ought to know that on account of darkness the cars upon the crossing are such an obstruction that people traveling along the highway in automobiles properly equipped with lights and carefully operated at a reasonable rate of speed would be likely to come into collision with them; in other words, the employees of the defendant, in the absence of some peculiar environment, are justified in believing that travelers in automobiles properly lighted and driving at reasonable speed will observe the cars upon the crossing in time to avoid coming into collision with them. It can hardly be contended with reason that the precautions in respect of which, according to the complaint as thus far stated, the defendant failed in its duty, would be necessary in the daytime. It would seem to be a reasonable corollary that on any occasion, day or night, when the occupation of the crossing would be visible to a traveler using such care for his own safety as the employees of the railroad have a right to presume he will use, in time to allow the traveler to stop before coming into collision with the cars, the railroad ought not to be held liable. Trask v. Boston & Maine, 219 Mass. 410, 106 N. E. 1022; McGlauflin v. Boston & M. R. Co., 230 Mass. 431, 119 N. E. 955, L. R. A. 1918E, 790; Gilman v. Central Vermont R. Co., 93 Vt. 340, 107 A. 122, 16 A. L. R. 1102; Gage v. Boston & M. R. R., 77 N. H. 289, 90 A. 855, L. R. A. 1915A, 363; Orton v. Pennsylvania R. Co. (C. C. A.) 7 F. (2d) 36.

[3] But the complaint concludes with an allegation that plaintiff's injuries were proximately caused by the negligence of defendant's agents, etc., while acting in the line of their duty, etc., in this, "that said agents, servants, or employees negligently obstructed or blocked the crossing on said highway," and, under our decisions, this general allegation, in connection with what precedes it, is sufficient to put defendant to its defense, for, in some circumstances, to obstruct a highway without signals of some sufficient sort to warn travelers may constitute negligence. There was, therefore, no error in overruling the demurrer to the complaint.

[4, 5] Considering now the evidence, which is reported in full in the bill of exceptions, we conclude that under the law as we find it stated in the authorities cited—and we find none to the contrary—plaintiff was not entitled to recover. Plaintiff was traveling along the Bankhead highway from Jasper to Carbon Hill about 10 o'clock at night. The night was dark and it had been raining—maybe was raining at the time. At and near the place of the accident the highway is parallel with the railroad for some distance. A spur track, leading off to a mine, crossed the highway at grade. Cars were standing on the spur track beyond the highway, waiting to be picked up by a train. Defendant's train backed into the spur to make connection with the cars there and came to a standstill across the highway. As soon as connection with the cars on the spur was established and the conductor had "checked" the cars, the train moved out to the main line. The undisputed evidence was that the automobile ran into the train within a minute and a half or two minutes from the time it stopped across the highway. Plaintiff was on the front seat of the automobile with the driver. He testified that he did not see the cars until he was about three feet from them. At that moment the driver attempted to turn to the left, with result that plaintiff was thrown out of the automobile and against the cars. Why the driver—or, for that matter, the plaintiff, though we do not charge him with contributory negligence—did not see the cars standing across the highway, does not appear. The driver did not testify. The automobile, according to plaintiff's guess, was traveling about 15 miles an hour. Whether it had lights or not does not appear. An employee of defendant, who was squatting down on the opposite side of the train adjusting the brake couplings, saw the automobile approaching. Why the driver did not see the train does not appear. That the environment was such that he could not see the train until so close at hand as that he could not avoid a collision does not appear. There was no light, no flagman, nor any signal to notify the driver of the presence of the train; but whether the situation was such that the trainmen ought, in the exercise of due care, to have been aware that a reasonably careful driver on the highway would likely not see the train, is by the evidence left to mere conjecture. The burden was on plaintiff to prove negligence on the part of the trainmen in the respect we have undertaken to state. In this the plaintiff wholly failed and defendant was entitled to the general charge.

[6] The jury, after having had the case under consideration for some time, and evidently apprehending the difficulty of defining negligence in the situation presented, returned to the courtroom with a request for further instruction. Thereupon the court read to them section 9952, Code 1923, as explaining the law of the case. This section

has reference to the duty of the engineer having control of a locomotive on a railroad as to ringing the bell or blowing the whistle on a moving train when approaching a public road crossing (and at other named places), but has nothing to do with the question of alleged negligence in allowing a train to remain stationary across the highway. The statute may have added to the confusion in the minds of the jury. It does not define the duty of a railroad in a case like that presented by the record.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.