GULF, M. & N. R. Co. *v.* HOLIFIELD.*

(Division A.   Feb. 25, 1929.)

[120 So. 750.   No. 27734.]

*Corpus Juris-Cyc. References: Railroads, 33Cyc, p. 931, n. 98; p. 1102, n. 25; p. 1104, n. 32; As to liability of railroad for injury in case of collision of road vehicle with car standing on crossing, see annotation in L. R. A. 1916E, 792: 15 A. L. R. 901; 56 A. L. R. 1114; 22 R. C. L. 994; 3 R. C. L. Supp. 1299; 4 R. C. L. Supp. 1482.

*W. S. Welch, Ellis B. Cooper, Roy P. Noble,* and *Jas. T. Welch,* for appellant.

*G. W. Hosey,* for appellee.

Argued orally by *Ellis B. Cooper*, for appellant.

COOK, J. The appellee, L. Holifield, instituted this suit in the county court of Jones county seeking to recover for the damage done to his automobile when it was driven into certain freight cars which were standing on and across one of the streets of the city of Laurel. There was a judgment in the county court for two hundred and fifty dollars in favor of the appellee, and from this judgment the railroad company appealed to the circuit court. In the circuit court the judgment was affirmed, and there-upon the railroad company appealed to this court, and here assigns as error the refusal of the court below to grant it a peremptory instruction.

The facts shown by the record which are necessary to be here stated are substantially as follows: The appellee loaned his automobile to his brother, who took a young lady riding therein, and they were proceeding north on South Fourth avenue in the city of Laurel at about eight o'clock at night. Across this street the appellant has two switch tracks over which it moves cars to serve several industrial plants located in that section of the city, and on the occasion in question the switch crew of the appel-

lant company left a cut of freight cars standing on and across this street while they were picking up another car. The street is graveled and is straight for some distance in both directions from the railroad tracks. About seventy-five or one hundred feet south of the switch tracks there is a canal, while about two hundred feet north of the track at Jefferson street, there is a small street light. There are buildings on each side of this street as you approach the railroad tracks from the south, and there is at this crossing no sign or warning of the presence of the railroad tracks across this street.

Arthur Holifield, the driver of the automobile, testified that the territory at and adjacent to the railroad tracks is low and dark; that when the accident occurred the night was pretty dark and the road or street dusty; that he was driving north on this street at the rate of about fifteen miles per hour; that the lights and brakes on the automobile were in good condition, and the lights were burning; that he was constantly keeping a lookout ahead, but on account of the absence of lights at this crossing, and the consequent darkness, and on account of the dust, he was unable to see the box car across the street until he was within about eight feet of it; and that he immediately applied his brakes and attempted to turn to one side, but was unable then to prevent running into the box car, which was about twelve feet high and about forty feet long. He further testified that he had traveled this street often and was perfectly familiar with the street and surroundings, and that he knew the railroad tracks crossed the street at that point.

Columbus Bell, a witness for the appellee, testified that he lived in a house which fronts on this street, and that at the time of the accident he was sitting on his front porch about twenty steps from the box cars; that he could not see the box cars "so well from my house, it was dark, and where I live is the darkest place there, I rec-

kon;" that the lights of the automobile were burning; and that, in his opinion, a person could see a distance of about sixty feet by the lights of this automobile, but that he was not paying particular attention to the automobile until it struck the box car.

The appellee contends that the employees of the appellant company knew, or in the exercise of ordinary care should have known, that on account of the absence of lights at this crossing and the consequent darkness, the low street with buildings on each side thereof, and dust on the street, and other circumstances in evidence, a person driving on the highway at a reasonable rate of speed in an automobile properly equipped with lights, and carefully operated, would be liable to come into collision with the train, and consequently that under these circumstances it was negligence for this train crew to so leave these cars without stationing a man at the crossing to give warning that it was obstructed by the cars.

We are unable to give our assent to this contention of the appellee. The appellant had the right to occupy the crossing for its legitimate business purposes, and while so occupying the crossing it was not required to maintain lights on its cars, or to station a man with a lantern at the crossing to give warning that it was obstructed by the cars, unless the conditions and circumstances were such that the employees knew, or in the exercise of reasonable care and caution should have known, that a person driving upon the street at a reasonable rate of speed in an automobile properly equipped with lights, and carefully operated, could not see or might not be able to see the cars in time to avoid a collision therewith, or, in other words, as said by the supreme court of Alabama in the case of *St. Louis-San Francisco Railway Co.* v. *Guthrie*, 216 Ala. 613, 114 So. 215, 56 A. L. R. 1110: "The employees of the defendant, in the absence of some peculiar environment, are justified in believing that travelers in

automobiles properly lighted and driving at a reasonable speed will observe the cars upon the crossing in time to avoid coming into collision with them.'' There is nothing in the evidence in this case to show such peculiar environment. The driver of the car knew that the railroad tracks crossed the street at this point, and it is manifest that the absence of a warning sign at the intersection of the street and the railroad tracks in no way contributed to the accident. *Hines* v. *McCullers,* 121 Miss. 666, 83 So. 734. The driver of the car was driving along a straight level street, and in explaining his failure to see the box cars he merely testified that the night was pretty dark and dusty. He further testified that the lights on the automobile were good and were burning, and that he was constantly on the lookout ahead, but that with the aid of the automobile lights he was not able to see, or did not see, the box car across the street in front of his automobile and necessarily within the range of the lights, until the automobile was within eight feet of it, while according to the testimony of appellee's witness Columbus Bell, this box car was visible to him without the aid of lights for a distance of approximately sixty feet. We are of the opinion that the employees of the appellant as reasonable men had the right to assume that, under all the circumstances shown by this record, the occupation of the crossing by these box cars would be visible to a person who was driving along the street in an automobile properly equipped with lights, and who was keeping a constant lookout ahead, in time to allow such person to stop before coming into collision with the cars, and consequently that the proof in this case fails to show negligence on the part of the appellant. For authorities in harmony with the views herein expressed, see the cases of *Gilman* v. *Central Vermont R. R. Co.,* 93 Vt. 340, 107 A. 122, 16 A. L. R. 1102; *Gage* v. *Boston & Maine R. R. Co.,* 77 N. H. 289, 90 A. 855, L. R. A. 1915A, 363; *Mc-*

*Glauflin* v. *Boston & Maine R. R. Co.*, 230 Mass. 431, 119) N. E. 955, L. R. A. 1918E, 790; *Orton* v. *Penn. R. R. Co.* (C. C. A.), 7 F. (2 Ed.) 36; *St. Louis-San Francisco Ry. Co.* v. *Guthrie*, 216 Ala. 613, 114 So. 215, 56 A. L. R. 1110.

For the error committed in refusing to grant the peremptory instruction requested by the appellant, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*