GULF, M. & N. R. Co. *v.* KENNARD.

(Division B. Jan. 2, 1933.)

[145 So. 110. No. 30311.]

C. C. Smith, of Richton, and Welch & Cooper, of Laurel, for appellant.

Currie & Currie, of Hattiesburg, and **J. M. Byrd**, of Leakesville, for appellee.

Argued orally by **Ellis B. Cooper,** for the appellant.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Greene county to recover damages in the sum of three thousand dollars for an injury suffered by her, alleged to have been caused by appellant in blocking the public highway with one of its freight cars where the highway crosses appellant's railroad tracks in the town of Lucedale. An automobile in which appellee was traveling ran into the freight car, thereby causing her injury. There was a trial on the pleadings and the evidence, resulting in a verdict and judgment in appellee's favor in the sum of one hundred dollars. From that judgment, appellant prosecutes this appeal.

The court refused appellant's request for a directed verdict. This action of the court, along with others, is assigned and argued as error. We notice none of the other errors assigned and argued, because we are of the opinion that this one is well founded.

The material evidence was undisputed. An automobile in which appellee and her father and a kinsman were traveling ran into one of appellant's freight cars standing on its main line track at the public crossing in the town of Lucedale. Appellee was injured by the collision. Appellee's father owned and was driving the automobile in which they were traveling. Appellee was her father's guest. They were traveling east on their way to Leakesville. Appellant's line of railroad runs practically north and south through Lucedale. About eleven o'clock at night one of appellant's freight trains, consisting of an engine and some thirty-odd cars, pulled into Lucedale going north. It stopped on the main line, and one of the cars blocked the public highway crossing over the

railroad; the engine had cut loose from the train and was switching north of the crossing. The train had blocked the crossing less than five minutes, according to the uncontradicted testimony—about three minutes—when the automobile in which appellee was riding going east ran into the freight car. The railroad is in a valley. Appellee and her father knew they were approaching the crossing. The crossing was not lighted. The conductor was on his way north with a lantern, but had not reached the crossing. According to the testimony on behalf of appellee, the automobile in which she was traveling was going about twenty or fifteen miles an hour, and had the usual lights. For a considerable distance before reaching the crossing, there was nothing to obscure the presence of the freight car which blocked it.

The case of Gulf, M. & N. R. Co. v. Holifield, 152 Miss. 674, 120 So. 750, 751, is controlling in this case in appellant's favor. It was held in that case that a railroad company had the right to occupy a public crossing with its freight cars for its legitimate business, and in the absence of some unusual environment its employees were justified in believing that travelers in automobiles properly lighted and driven at a reasonable rate of speed would observe such cars at night in time to avoid coming into collision with them. The court quoted with approval substantially the above language used by the Supreme Court of Alabama in St. Louis-San Francisco R. Co. v. Guthrie, 216 Ala. 613, 114 So. 215, 56 A. L. R. 1110. In the Holifield case the court used this language: ''The appellant had the right to occupy the crossing for its legitimate business purposes, and while so occupying the crossing it was not required to maintain lights on its cars, or to station a man with a lantern at the crossing to give warning that it was obstructed by the cars, unless the conditions and circumstances were such that the employees knew, or in the exercise of reasonable care and caution should have known, that a person driving

upon the street at a reasonable rate of speed in an automobile properly equipped with lights, and carefully operated, could not see or might not be able to see the cars in time to avoid a collision therewith."

The undisputed facts in the present case show that the conditions and circumstances were not such that appellant's employees knew, or in the exercise of reasonable care and caution should have known, that a person driving upon this highway at a reasonable rate of speed in an automobile properly equipped with lights would collide with the freight car standing on the crossing.

Reversed, and judgment here for appellant.