SPILMAN *v.* GULF & S. I. R. Co.

(Division B.   Sept. 30, 1935.)

[163 So. 445.   No. 31803.]

Mize, Thompson & Mize, of Gulfport, for appellant.

E. C. Craig, of Chicago, Illinois, Burch, Minor & Mc-Kay, of Memphis, Tenn., and Gardner & Backstrom, of Gulfport, for appellee.

Argued orally by **S. C. Mize,** for appellant, and by **Oscar Backstrom,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

About four miles north of Gulfport there is a spur track of appellee railroad company which leads easterly from the main line towards and to some industrial plants served by this railroad spur line. State highway No. 49, paved with concrete in this area, runs north and south parallel with the main line of the railroad at this point, and about one hundred feet therefrom, and is straight and level for a distance of a quarter of a mile north from the point where it crosses the said spur track, and thence continues parallel with the railroad track for a considerable distance still further north. At 7:15 o'clock on the night of October 31, 1934, a locomotive of appellee was pushing a train of flat cars from the main line of the railroad and along this spur track, across the highway crossing aforesaid, and, when eight of the flat cars had entirely passed over the crossing, appellant, who was traveling south on the highway in an automobile, collided with the ninth of the flat cars then on the crossing, and was severely injured, for which injury he brought suit in two counts. It was dark at the time of the collision, but the night was otherwise clear; there was no smoke, or fog, or rain; the view along the highway was entirely unobstructed so far as adjacent objects were concerned.

The first count is upon the failure of the railroad company to ring the bell or to sound the whistle as required by statute, and the second count, in common law, declares upon the failure of the railroad company to give some other and additional warning at the crossing. The trial judge granted a peremptory instruction for the defendant at the close of the plaintiff's evidence.

The statute, section 6125, Code 1930, in regard to warning signals at public crossings, requires the use of a whistle which can be heard at a distance of three hundred yards or a bell of equal efficiency, and that the bell

shall be kept ringing or the whistle shall be kept blowing continuously until the crossing is passed. The crossing is passed when it has become entirely occupied by the railroad train, whereupon the statutory obligation to continue the signals no longer exists. And there is no duty imposed by the statute, under any circumstances, and wherever the locomotive may be placed, to give the signal warnings so that they may be heard for any greater distance than three hundred yards from the crossing.

The undisputed testimony shows that the railroad cars were each approximately forty feet long, and that, as already mentioned, eight of these cars had already passed over the crossing when the collision occurred; that the front car had then passed to a point approximately one hundred yards to the east of the crossing; that the rate of speed at which the train was and had been moving was from three to four miles an hour, while that of the automobile was not less than forty miles an hour, or ten times that of the train. Hence it follows that, when the first car of the train passed the crossing and the crossing was first entirely occupied by the railroad cars, at which instance the obligation to ring the bell or sound the whistle ceased, appellant and his automobile were not less than one thousand yards north of the crossing, and were not within the circumference of the area within which the statutory signals were required to be made heard, and, when appellant arrived within that range or territorial circle, the obligation of appellee as to the statutory signals had terminated. He therefore had not brought himself into personal touch with the duty of appellee to ring the bell or sound the whistle; he had not made contact within the circle within which the railroad owed the statutory duty. The duty to give the whistle or bell signal was one which was not owed to him, for he was beyond the required range thereof until the duty as to any and all persons had

ceased. There was no casual connection between the injury and the condition to which and within which the statute applies.

But, if we lay aside that view of the case altogether, we find that every court which has considered the question, including this court in Gulf, M. & N. Railroad Co. v. Holifield, 152 Miss. 674, 120 So. 750, has held that the occupancy of the entire crossing by a railroad train is a sufficient warning within itself of the presence of the cars on the crossing, and this includes flat cars. Southern Ry. Co. v. Lambert (Ala. Sup.), 160 So. 262. In law, when anything is said to be sufficient, it means that nothing else is required. Since, therefore, the entire crossing was occupied by the railroad cars and had been for a sufficient length of time for a person to see them and to stop before colliding therewith, the said presence of the cars was all the warning thereof that was required, and thereupon the statutory warning by bell and whistle became relegated to the position of actual and legal remoteness, with the result that the failure to give the statutory signals became the remote, and not the proximate, cause, and that the neglience of the plaintiff was the sole proximate cause of the collision, as was held by the learned trial judge. Any other conclusion would lead to the result that, to avoid the charge of concurrent negligence, the whistle would have to be sounded or the bell kept ringing continuously all the while that any part of a train is upon the crossing, regardless of the length of time thereof. A freight train a half of mile long or more would have to give the signals continuously until the last car had passed over the crossing, which would require a bell and whistle of such construction as to be heard a half of mile or more, whereas the statute requires, as to this, only three hundred yards.

As to the second count, averring that it was the duty of the railroad to have given some warning upon or at

the crossing in addition to the signals required by statute, we add only that, as held in Gulf, M. & N. Railroad Co. v. Holifield, supra, no such additional warnings are required, in the absence of some peculiar environment, and so all the courts hold. And, as explained in So. Ry. Co. v. Lambert, supra, and similar cases, the peculiar environment which is referred to means some peculiar condition of hazard which reasonable prudence should have reasonably foreseen would likely lead to a collision, notwithstanding ordinary care on the part of the driver of the motor car. But the conditions of peculiar hazard relied on here by appellant are no more persuasive than those urged in the Holifield Case, wherein relief was denied. The judgment must therefore be affirmed on both counts.

Affirmed.