[Civ. No. 1091.  Fourth Appellate District.—October 16, 1935.]

B. M. KILGORE, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

Hickcox, Trude & Robertson for Appellant.

Harry W. Horton for Respondent.

MARKS, J.—Plaintiff brought this action to recover damages which he suffered when he drove his automobile into the side of a freight car standing on a switch across Walnut Avenue in Holtville in Imperial County. The case was tried before the court without a jury and judgment was awarded plaintiff in the sum of $1,035.50.

Walnut Avenue runs north and south and is a public street in the city of Holtville. It has a twenty-foot paved strip in its center. It is intersected at right angles by a main track, and three spur tracks, of defendant, two of the spur tracks being north of the main track. Plaintiff admitted having crossed these tracks from two to four times every day between October 1, 1931, and the date of the accident. The usual cross-arm warning signals were maintained by the defendant north and south of the tracks.

Northerly from a point about thirty feet north of the northerly spur track the roadway of Walnut Avenue was practically level. In that thirty feet it ascended fifteen hundredths of a foot. It then raised an additional thirty-nine hundredths of a foot to a point near the north rail of the northerly spur track nearest to the main tracks. On the evening of January 15, 1932, a train crew of defendant switched

to, and left standing on the spur track last mentioned an automobile freight car fifty feet long and about twelve feet high so that it entirely blocked the Walnut Avenue crossing. Plaintiff drove his automobile into this freight car causing the injuries for which the trial court gave him judgment.

Plaintiff testified that the sight of one of his eyes was good; that the brakes of his automobile were in good condition; that its headlights were good and lighted the roadway one hundred feet in advance of the car; that the night in question was dark but clear and the roadway was dry; that at 8 o'clock P. M. on January 15, 1932, he was approaching the railroad crossing and was driving south on Walnut Avenue at a speed of between fifteen and twenty miles an hour; that when within about forty feet of the railroad car he first saw it; that he moved to apply his brakes and commenced to do so when within about thirty feet from the car; that he could not stop his automobile in the intervening distance and crashed into the freight car. The car had not been on the crossing more than three minutes prior to the accident.

Plaintiff testified that no warning of the obstruction was given by any person. Defendant's witnesses testified that two of its employees stood in the roadway on the north side of the car and by hallooing and waving lighted lanterns attempted to halt plaintiff. The trial court evidently rejected the testimony of these witnesses so we must accept plaintiff's version.

Plaintiff admits that he was well acquainted with the conditions of the crossing in question. A railroad crossing is in itself a warning of danger and imposes on an automobile driver, knowingly approaching it, the duty of observing due care for his own safety. It constitutes one of those conditions which the legislature had in mind when in subdivision *a* of section 113 of the California Vehicle Act (in effect at the time of the accident) it provided that "any person driving a vehicle on the public highways of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person".

We think there can be but one conclusion drawn from plaintiff's testimony. He knew he was approaching a rail-

road crossing, a place of danger. This knowledge should have warned him and caused him to exercise an ordinarily diligent use of his senses. Had he done so he would have seen the car across the road in time to have avoided running into it as he testified that the headlights of his automobile illumined the roadway for one hundred feet and the evidence is conclusive that the tracks upon which the car stood were only six and forty-eight hundredths inches higher than the roadway on which he was traveling. The knowledge that he was approaching a place of danger did not cause plaintiff to become watchful for the danger. When he was within one hundred feet from the crossing his lights shone that distance and the crossing was illuminated by them. He could have seen the railroad car across his path had he looked. This he did not do. He proceeded on his way for about sixty feet unconscious of the danger which should have been apparent to him. When he saw the car it was too late for him to stop, if his testimony is to be taken as true. The failure of plaintiff, when he knew that he was approaching a place of danger to himself, to use his faculties and take ordinary care for his own safety amounted to contributory negligence on his part. The following cases support this conclusion: *Philadelphia & R. Ry. Co.* v. *Dillon*, 1 W. W. Harr. (31 Del.) 247 [114 Atl. 62, 15 A. L. R. 894], *Weston* v. *Southern Ry. Co.*, 194 N. C. 210 [139 S. E. 237], *Haarstrich* v. *Oregon Short Line Ry. Co.*, 70 Utah, 552 [262 Pac. 100], *St. Louis-San Francisco Ry. Co.* v. *Guthrie*, 216 Ala. 613 [114 So. 215, 56 A. L. R. 1110], *Gilman* v. *Central Vermont Ry. Co.*, 93 Vt. 340 [107 Atl. 122, 16 A. L. R. 1102], *Brown* v. *Southern Ry. Co.*, 61 Fed. (2d) 399, *Gulf M. & N. R. R. Co.* v. *Kennard*, 164 Miss. 380 [145 So. 110], and *Rowe* v. *Northern Pac. Ry. Co.*, 52 Idaho, 649 [17 Pac. (2d) 352].

Counsel for plaintiff suggests that the trial judge went to the scene of the accident at night and viewed it and that this should furnish evidence to support the judgment. There are but two references to this in the transcript. The first is a statement by counsel for defendant that he would like to take the judge to the Walnut Avenue crossing, and the expression of the willingness of the judge to go, with the stipulation of counsel for plaintiff that he might go. Just before the close of the trial counsel for plaintiff stated that the judge

had seen the place of the accident. This is not sufficient to force the conclusion that the judge went to the place in question, or that if he did go, conditions there were the same or similar to those prevailing at the time of the accident.

The judgment is reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.