GULF, M. & N. R. Co. *v.* ADDKISON.

(In Banc. March 18, 1940.)

[194 So. 593. No. 34015.]

E. M. Livingston, of Louisville, and Flowers, Brown & Hester, Robert Burns, Jr., and F. W. Bradshaw, all of Jackson, for appellant.

304

L. B. Jones, of Jackson, and Hoy Hathorn and Jas. L. Davis, both of Louisville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

About a mile and a half north of the City of Louisville, in Winston County, there is a spur track of appellant railroad company which leads in a northeasterly direction from the main line, and across State Highway No. 15. The main line of the railroad and the state highway are about 125 feet apart at this point, the highway being paved. About 200 feet south of the crossing, there is the crest of a hill in the state highway which prevents a traveler going north from seeing the crossing or cars thereon until the top or nearly the top of this hill has been reached.

Shortly after nine o'clock on the night of May 4, 1938, the railroad employes were placing some box cars for a brick plant served by the spur; and while a cut of the box cars was on the highway crossing, appellee, who was traveling north in an automobile, collided with one of the box cars and was injured. Appellee says that he was entirely familiar with the location of the spur track, and to quote his own language: ''I was watching the road all the time, and as quick as I went over the rise on this side of the spur I noticed the box car across the road.'' He said that he was about 150 to 200 feet from the crossing when he saw the car thereon and that he was driving at the rate of about 50 miles per hour; and that as soon as he saw the box cars he put on his brakes, which were in good condition, but was unable to stop in time because the paved highway was wet, a drizzling rain having fallen, and was in fact to some extent still falling.

He brought an action against the railroad for damages, charging that (1) there was no flagman with a lantern to warn those approaching the crossing; (2) that there was no light on the rear of the locomotive tender; (3) that there was no stop sign at this crossing; and (4)

that the signals by the sounding of the whistle or the ringing of the bell were not given. A verdict, although small in amount, was returned in favor of the plaintiff, and the defendant has appealed.

The result in this case is to be controlled by Spilman v. Railroad Company, 173 Miss. 725, 163 So. 445, and Gulf M. & N. Railroad Co. v. Holifield, 152 Miss. 674, 120 So. 750, in which connection it may be noted that although appellant has strongly relied on those cases in its principal brief, appellee attempted no reply to them and made no effort to distinguish them from the present case. We must decline to modify the opinions in those cases in any respect whatever. The Spilman decision followed the opinion and reasoning in the Holifield case, and the latter is one of the most carefully considered in our books.

In Spilman v. Railroad Co., supra, 173 Miss. at page 731, 163 So. at page 446, the Court said: "We find that every court which has considered the question, including this court in Gulf, M. & N. Railroad Co. v. Holifield, 152 Miss. 674, 120 So. 750, has held that the occupancy of the entire crossing by a railroad train is a sufficient warning within itself of the presence of the cars on the crossing, and this includes flat cars. Southern Ry. Co. v. Lambert (Ala. Sup.) [230 Ala. 162], 160 So. 262. In law, when anything is said to be sufficient, it means that nothing else is required. Since, therefore, the entire crossing was occupied by the railroad cars and had been for a sufficient length of time for a person to see them and to stop before colliding therewith, the said presence of the cars was all the warning thereof that was required, and thereupon the statutory warning by bell and whistle became relegated to the position of actual and legal remoteness, with the result that the failure to give the statutory signals became the remote, and not the proximate, cause, and that the negligence of the plaintiff was the sole proximate cause of the collision; as was held by the learned trial judge."

In the Holifield case, supra, the facts were that the cars occupying the crossing could have been seen for a distance of 60 feet before reaching the crossing, but the plaintiff testified that he did not actually see the cars until within 8 feet of them, and gave as an excuse that the night was dark and the highway was dusty, and that there were no lights or warnings. The Court three times, in the course of its opinion, called attention to the fact that the plaintiff on his own admission, as is the case here, was familiar with the location of the crossing. And in denying liability, the Court said, 152 Miss. at pages 679, 680, 120 So. at page 751: "The appellant had the right to occupy the crossing for its legitimate business purposes, and while so occupying the crossing it was not required to maintain lights on its cars, or to station a man with a lantern at the crossing to give warning that it was obstructed by the cars, unless the conditions and circumstances were such that the employes knew, or in the exercise of reasonable care and caution should have known, that a person driving upon the street at a reasonable rate of speed in an automobile properly equipped with lights, and carefully operated, could not see or might not be able to see the cars in time to avoid a collision therewith. . . . We are of the opinion that the employes of the appellant as reasonable men had the right to assume that, under all the circumstances shown by this record, the occupation of the crossing by these box cars would be visible to a person who was driving along the street in an automobile properly equipped with lights, and who was keeping a constant lookout ahead, in time to allow such person to stop before coming into collision with the cars, and consequently that the proof in this case fails to show negligence on the part of the appellant."

There the specific facts were that the driver could have seen the cars upon the crossing for a distance of 60 feet, and that to a person familiar with the location of the crossing as was plaintiff, the Court held that the presence

of the cars was all the warning necessary. In the case presently before us, the plaintiff was familiar with the location of the crossing and could see the cars thereon not only, but on his own admission did actually see them, for a distance of from 150 to 200 feet; and since it held in the Holifield case that, other than the presence of the cars on the crossing, no warning was necessary, it must follow that none other was necessary in this case. See also Billingsley v. Illinois Cent. R. Co., 100 Miss. 612, 56 So. 790; Yazoo etc. R. Co. v. Cox, 132 Miss. 564, 97 So. 7; and Thompson v. Mississippi Cent. R. Co., 175 Miss. 547, 166 So. 353.

The peremptory instruction requested by appellant should have been given.

Reversed, and judgment here for appellant.