ILLINOIS CENTRAL R. R. COMPANY *v.* MCNEIL.

In Banc. Mar. 28, 1949.

(39 So. (2d) 490)

**May & Byrd,** for appellant.

810

**Nichols & Huff,** for appellee.

**Hall, J.**

Appellee brought suit against appellant for the recovery of damages sustained when his automobile, driven by his minor son, collided with a locomotive engine standing upon the Main Street crossing in the City of Forest. The cause was submitted to the jury which found for

appellee, and this appeal is prosecuted by the railroad company from the judgment entered thereon.

There is no dispute as to the facts in the case since the appellant offered no evidence. The proof shows that the railroad runs in an easterly and westerly direction, and that Main Street runs in a northerly and southerly direction and crosses the track a short distance west of the station at Forest. South of the track the terrain is lower than the track, as a consequence of which persons traveling to the north along the street are required to come up a little hill after which the street levels off for a very short distance before the crossing is reached. On the occasion in question appellee's automobile was being driven to the north of this street at a speed of about fifteen miles per hour and upon clearing the little hill the driver was confronted with a locomotive engine upon the crossing at a time when he was too close to stop; he thereupon swerved the car in an effort to drive along by the side of the track and avoid a collision, but he was unable to clear the engine. The automobile was in good mechanical condition, with good brakes and good headlights and the driver was keeping a careful lookout ahead, as was also a companion who was riding with him. The night was dark and there was a street light east of the crossing but its situation was such that it did not illuminate the engine. The station lights were burning, but they had a tendency to blind a traveler along the street instead of aiding his visability. The locomotive was parked so as to obstruct the entire crossing except about three or four feet on the extreme east side thereof. No lights of any character were burning on the engine and no employee of the company was on or about the engine. It was completely abandoned and had been obstructing the crossing in that situation for at least fifteen minutes. The trial court submitted to the jury the question whether or not the company was guilty of negligence proximately contributing to appellee's damage, and the jury found that issue against the company.

The sole contention of appellant is that it was entitled to a directed verdict, and it relies on the cases of Gulf, Mobile & Northern Railroad Co. v. Holifield, 152 Miss. 674, 120 So. 750; Gulf, Mobile & Northern Railroad Co. v. Kennard, 164 Miss. 390, 145 So. 110; Spilman v. Gulf & S. I. R. Co., 173 Miss. 725, 163 So. 445; Mississippi Export R. Co. v. Summers, 194 Miss. 179, 11 So. (2d) 429, 905, and Summerford v. Illinois Central R. Co., Miss., 196 So. 264.

██ █ In the Holifield case it was held that, in the absence of some peculiar environment, a railroad company is not guilty of negligence when it occupies a public crossing for its legitimate business purposes and that while so doing it is not required to light its cars or station a man with a lantern to give warning of the obstruction, unless the conditions and circumstances are such that the employees know, or in the exercise of reasonable care should know, that a person driving upon the public highway at a reasonable rate of speed in an automobile properly equipped with lights, and carefully operated, could not see or might not be able to see the obstruction in time to avoid a collision therewith. The remainder of the cited cases follow substantially the same rule. In each of these cases the railroad company produced evidence to show that at the time of the collision it was ocupying the crossing in pursuit of its legitimate business purposes. ██ █ In the case at bar the company made no such showing. From the evidence the jury was justified in finding that the company at the time of this collision was not occupying the crossing in pursuit of any legitimate business purpose, and that, because of the aforesaid environments, the company was guilty of negligence in thus leaving its engine dark and unattended upon the public crossing. Magers v. Okolona, Houston & Calhoun City R. Co., 174 Miss. 860, 165 So. 416. The judgment of the lower court is therefore affirmed.

Affirmed.