RUSSELL *v.* MISSISSIPPI CENTRAL RAILROAD COMPANY

No. 41600 December 12, 1960 125 So. 2d 283

*Melvin, Melvin & Melvin,* Laurel; *Laub, Adams, Forman & Truly,* Natchez, for appellants.

*Brandon, Brandon, Hornsby & Handy,* Natchez, for appellee.

McELROY, J.

The appellants, wife and child of Dwight Russell, deceased, brought this action in the Circuit Court of Adams County against the appellee, Mississippi Central Railroad Company, to recover damages for the alleged wrongful death of the husband and father.

After the plaintiff had closed her case, there was a directed verdict given on behalf of the defendant and judgment was entered accordingly.

The principal grounds assigned for error were the sustaining of the motion for a directed verdict on behalf of the defendant railroad company and the refusing of the plaintiffs' questions to witnesses whether or not the crossing was easy to see at nighttime.

 █ In determining whether the lower court erred in excluding the evidence, we must view the record in the light of most favorable conclusions in appellants' behalf which the jury could reasonably have drawn therefrom and treat as proved all material facts in appellants' favor which the evidence established either directly or by reasonable inference.

The appellant decedent was instantly killed when his automobile struck the third car of a train standing across the Liberty Road near Natchez, Mississippi. His automobile ran into a box car which blocked the road. The train crew was carrying out the railroad's business in using the spur track running into the Johns-Mansville Plant. The appellant decedent was traveling west on a paved road twenty feet in width.

If appellant made out a case for the jury, it was the testimony of several witnesses who testified to the general effect that the road was steeply downgrade for a considerable distance as one approached the crossing from the east and that it flattened out within 100 feet or less before reaching the railroad crossing. They also stated that because of this topography, the lights of an automobile would not allow the driver of an automobile to see the train until the vehicle had descended this hill and reached the flat or level portion of the road, when the vehicle was within 30 to 100 feet of the crossing. There was considerable testimony about weeds along the roadway, high banks, and other conditions along the road east of the crossing, but we are of the opinion that

this testimony did not tend to bring appellants' case within the exception to the rule hereafter stated.

The accident happened around 12:15 on the morning of December 12. It is in evidence that the deceased had worked in this community at different times for several years as an employee of an oil company and that the company had wells in the Liberty Road area, the road in question.

All witnesses testified that the Liberty Road made a curve some 1,100 feet northeast of the crossing. Maps and photographs were introduced showing that the Liberty Road was straight some 700 or more feet east of the crossing.

It is in evidence that the whistle was blowing, the bell ringing and the engine was lighted before making the crossing; the train had been across the crossing for a minute and had stopped for half a minute before the accident.

█ ■ We believe that this case is governed by Gulf M. and N. Railroad Co. v. Holifield, 152 Miss. 674, 120 So. 750. "The appellant had the right to occupy the crossing for its legitimate business purposes, and while so occupying the crossing it was not required to maintain lights on its cars, or to station a man with a lantern at the crossing to give warning that it was obstructed by the cars, unless the conditions and circumstances were such that the employees knew, or in the exercise of reasonable care and caution should have known, that a person driving upon the street at a reasonable rate of speed in an automobile properly equipped with lights, and carefully operated, could not see or might not be able to see the cars in time to avoid a collision therewith, or, in other words, as said by the Supreme Court of Alabama in the case of St. Louis-San Francisco Railway Co. v. Guthrie, 216 Ala. 613, 114 So. 215, 56 A.L.R. 1110: 'The employees of the defendant, in the absence of some peculiar environment, are justified in believing that travelers in automobiles prop-

erly lighted and driving at reasonable speed will observe the cars upon the crossing in time to avoid coming into collision with them.' '' This case is followed in Mississippi Export Railroad Co. v. Summers, 194 Miss. 179, 11 So. 2d 429.

· The rule is firmly established in this state that a railroad has the right to occupy a public crossing for its legitimate business purposes and without any warning thereof by lights or otherwise. Boyd v. Illinois Central R. R. Co., 211 Miss. 409, 52 So. 2d 21. There is an exception to this rule, which is recognized by the Boyd case and many others, to the effect that futher warning is required when the conditions and circumstances are such that the employees of the railroad company know, or in the exercise of reasonable care and caution should know, that a person driving upon the highway at a reasonable speed in an automobile properly equipped with lights, and carefully operated, could not see or might not see the cars in time to avoid a collision therewith.

■■■ We will assume for the purpose of this opinion that if the evidence for appellants would have justified a finding that there was a steep hill descending from the east to a point near the crossing where the road became flat, or nearly flat, so that lights of a vehicle approaching the crossing from the east would not reveal the presence of the box car until the vehicle was within 30 to 100 feet of the crossing, then appellants would have brought their case within the exception to the rule, as stated above. If the oral testimony of the witnesses was all that was before the court it may be that appellants would have made out a case that would withstand a motion for a directed verdict. But even under the rule that the evidence must be viewed in the light most favorable to appellants, as already stated, appellants' proof did not make a case for the jury for the reason that photographs and engineers plats shown by appellants reveal the physical facts. These photographs and plats and the testimony of appellants' engineer show that there

is no steep hill as indicated by some of the oral testimony. It shows that the roadway descends slightly towards the crossing for about 600 or 700 feet and there is no abrupt dip sufficient to have an appreciable effect on headlights of an automobile approaching the crossing from the east. The testimony must yield to these physical facts.

This rule is stated by the following authorities. S. H. Kress & Co. v. Sharp, 1930, 156 Miss. 693, 126 So. 650, 651, 68 A.L.R. 167; Hardaway Contracting Co. v. Rivers, 1938, 181 Miss. 727, 180 So. 800; Mobile & O. R. Co. v. Bryant, 1931, 159 Miss. 528, 132 So. 539; 32 C. J. S. Evidence, Sec. 492; Illinois Central Railroad Co. v. Underwood, 1956, (U. S. C. A. 5th), 235 F. 2d 868.

██ ██ ''The testimony even of disinterested and unimpeached witnesses on the subjects of measurements, distances and the like, which is based merely on memory, estimate or casual observation, must yield to that which is based on actual measurements.'' S. H. Kress & Co. v. Sharp, supra.

''These photographs disclose the facts to us by way of demonstration, and we apply the law to the facts thus demonstrated—any verdict to the contrary notwithstanding.'' Mobile & O. R. Co. v. Bryant, supra.

This established law of Mississippi and elsewhere controls in this case wherein consideration is given to the testimony of the witnesses, plats of survey and photographs in the record of the cause in the trial court.

The appellants insist that the Boyd case, supra, entitled them to go to the jury. We find that in the Boyd case the railroad did not comply with the statute in regard to the crossing sign and that the topography of the roadway approaching the crossing was considered together with the fact of the failure to maintain the stop sign and the further fact that not a box car but an empty flat car was across the roadway, the sides of which were only 15 to 18 inches in height. We do not think the Boyd case is applicable here.

██ ██ The plaintiff assigns as error the court's refusal to permit plaintiff to question witness on whether or not the crossing was an easy or defective crossing to see at night. The record shows that the court permitted the witness to testify fully as to facts which witness observed. The plaintiff did not make a showing of what the witness' testimony would be and the Court has no way of knowing whether the testimony would be competent or not. The question as to the opinion of a witness was sustained inferring that this was invading the province of the jury. The error assigned refusing the civil engineer and surveyor to testify as expert witnesses regarding whether or not the crossing involved was a dangerous crossing, and extra hazardous to the traveling public, especially at night, was clearly invading the province of the jury in seeking an opinion. The engineer testified to all facts observed by him. ██ ██ The plaintiff cannot complain of the court's ruling since no showing was made of what the response of the witness would have been.

The authorities referred to simply mean that the railroad company had the right to assume that Russell was complying with the law. If he had been, it is manifest that the collision would not have occurred.

After careful consideration of all appellants' contentions, we are of the opinion that the lower court was correct and should be affirmed.

Affirmed.

*Hall, P.J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.