SMITH, Justice:
This is an appeal from a decree of the Chancery Court of Panola County, entered in a will contest wherein appellants were contestants and appellees were proponents, admitting to probate in solemn form, as the last will and testament of William Reece Bowen, a writing dated September 21, 1966.
After this document had been admitted to probate in common form, appellants, heirs at law of William Reece Bowen, interposed a contest of the will upon the grounds that, (1) on the date of its execution Bowen had lacked the mental capacity to execute a valid will, and (2) the will was the product of undue influence brought to bear upon him by appellees.
By agreement, the case was tried by the chancellor without a jury. At the conclusion of the trial, appellants moved for, and were granted, leave to amend their bill so as to include a charge that a confidential relationship had existed between the testator and the appellees which gave rise to a presumption of undue influence in the production of the will. The issues in the case were factual and were for the determination of the chancellor as the trier of facts. The weight of the evidence supported the chancellor’s finding that, at the time of the execution of the will, Bowen possessed testamentary capacity. Also, the evidence fully warranted a conclusion that there had been no confidential relationship between appellees and the testator. Moreover, if such a relationship had been established, any presumption that such influence had played any part in the production of the will, disappeared and was fully overcome by overwhelming and undisputed evidence. The cases principally relied upon by appellants are Croft v. Alder, 237 Miss. 713, 115 So.2d 683 (1959) and Holland v. Traylor, 227 So.2d 829 (Miss.1969). There is no resemblance between the factual situation in the present case, as revealed by the record, and the circumstances upon which the court’s conclusions were based in either of the cited cases.
Finally, an attorney who had, on occasion, represented the testator, was placed on the stand as a witness by appellants. After some preliminary questioning, the attorney himself declined to testify, claiming that it was his privilege as an attorney to refuse to divulge his former client’s business. The court did not force him to do so. This action of the court is assigned as error.
We do not reach the question as to whether the attorney should have been compelled to testify, as the record is silent as to what appellants intended to prove by him, and there is nothing whatever to indicate what his testimony would have been if *53 he had been required to testify. In that state of the record, the question cannot be reviewed. Russell v. Mississippi Central Railroad Company, 239 Miss. 741, 125 So. 2d 283 (1960).
The evidence preponderates in favor of the chancellor’s factual findings that (1) on September 21, 1966, the testator was possessed of the requisite mental capacity to execute a valid will, and (2) the will of September 21, 1966 was not the product of undue influence.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.