United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2003**

Charles R. Fulbruge III
Clerk

**United States Court of Appeals
for the Fifth Circuit**

No. 02-60587

JUDDSON W. KING

Plaintiff - Appellant

VERSUS

ILLINOIS CENTRAL RAILROAD
KENNETH M. ANDERS

Defendants - Appellees

Appeal from the United States District Court
For the Southern District of Mississippi

ON PETITION FOR REHEARING

Before DAVIS, CYNTHIA HOLCOMB HALL[*] and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Plaintiff Juddson W. King (King), in his petition for panel rehearing, raises an issue requiring discussion. For reasons explained below, however, we deny the petition for rehearing.

King, injured when his automobile struck the eighteenth car of a train occupying

---

[*]Circuit Judge of the Ninth Circuit, sitting by designation.

a railroad crossing, sued Illinois Central Railroad (ICR) and its engineer for damages alleging numerous counts of negligence. As one of those counts, King alleges negligence based upon ICR's failure to mark the train cars with reflectors. The district court granted ICR's motion for summary judgment on that issue. The lower court concluded that the common-law negligence claim for failure to provide reflectors on train cars was implicitly preempted by the Federal Railroad Administration's (FRA's) refusal to require reflectors. We affirmed that ruling on appeal.

King, for the first time in his request for rehearing, directs the court's attention to *Sprietsma v. Mercury Marine*, 537 U.S. 51 (2003), a United States Supreme Court decision decided shortly after the close of briefing but before oral argument in this case. In *Sprietsma* the Court found no implied federal preemption where the Coast Guard and National Boating Safety Advisory Council considered requiring but ultimately declined to require propellor guards on power boats.

King argues that *Sprietsma* requires us to conclude in the present case that FRA's abstention from regulating the use of reflectors does not preempt King's common-law negligence claim. We need not decide that issue here because the Mississippi occupied crossing doctrine controls this case and precludes all of King's negligence claims, including his claim based on the railroad's failure to equip the cars with reflectors.

When a train occupies a crossing, railroads and engineers have no duty to signal the presence of the train absent extraordinary physical environments or landscapes making the crossing difficult to see.

> A railroad has the right to occupy a crossing for its legitimate purposes, and, while so occupying it, the carrier is not required to maintain lights on its cars or to station a man with a lantern at the crossing to give warning that it is obstructed by cars, unless the conditions and circumstances are such that the employees of the railroad know, or in the exercise of reasonable care should have known, that a person driving upon the highway at a reasonable rate of speed in an automobile properly equipped with lights, and carefully operated, could not see, or might not be able to see, the cars in time to avoid a collision with them.

*Illinois Central Railroad Co. v. Williams*, 135 So. 2d 831, 834 (Miss. 1961). *See also Owens v. Int'l Paper Co.*, 528 F.2d 606, 610 (5th Cir. 1976); *Gulf, M. & N. R. Co. v. Holifield*, 120 So. 750, 751 (Miss. 1929). As we stated in the panel opinion, King did not produce evidence demonstrating that the type of physical conditions at the crossing referred to in the above cases made the crossing difficult to see or that the crossing could not be approached safely. There is no question of material fact as to that issue. Therefore no exception to the occupied crossing rule is appropriate.

Thus, assuming without deciding that *Sprietsma* applies to this case, summary judgment is still appropriate notwithstanding the preemption issue. Section IV of the panel's opinion, however, is deleted because the discussion in that section regarding federal preemption is unnecessary to our holding.

3

The petition for rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Fed. R. App. P. And 5th Cir. R. 35) the petition for rehearing en banc is also DENIED.