ROBERTSON, Justice:
The appellee, Mrs. Geraldine Sanders, recovered a $30,000 judgment for personal injuries against the appellants, Herman Castile, Conley Brothers Distributors, and Howard G. Nason, in the Circuit Court of Monroe County, Mississippi.
On Friday, April 29, 1966, about 10:30 a. m., the appellee was standing on the west side of Mississippi Highway No. 25 in Monroe County preparatory to crossing the highway. Highway 25 at this point ran north and south, was hard surfaced, about 20 feet wide, and was straight and level. The shoulders on each side of the highway were level and about eight feet wide.
Appellant Nason was driving his 1965 Ford Mustang south on Highway 25. William Derrick, a friend, was seated beside the driver on the front seat. Nason was driving about 55 to 60 miles per hour.
Appellant Castile was driving a GMC tractor with a forty-foot trailer, owned by Conley Brothers Distributors, and load *276 ed with electrical and building supplies, south on Highway 25. According to his testimony, about the time that he attempted to pass Nason’s Mustang and when the front of his tractor was almost even with the rear of the Mustang, Nason, in order to avoid hitting a dog that had walked out on the highway, swerved and crossed the center line of the highway. Castile stated that he applied his brakes, skidded about six to ten feet, and that the right front bumper of the tractor hit the left rear of the Mustang. The Mustang went off the west side of the highway; the trailer jackknifed, went off the east side of the highway, thereby causing the tractor to swerve around against the trailer and partially block the east lane of the highway.
Nason fought to regain control of his Mustang, headed it south again, and barely avoided a borrow pit on the west side of the roadway. He steered his car in a southerly direction along the west shoulder of the highway and hit the appellee, who was about five to ten feet off of the paved portion.
Nason testified that he had seen Mrs. Sanders on the side of the highway before the impact with the tractor-trailer but did not see her after the collision and did not know that he had hit her. Nason and his passenger, Derrick, testified that when the dog walked out on the highway Nason did not apply his brakes but merely took his foot off the accelerator and allowed his car to slow down as it continued to move in the south-bound lane of the highway. Both positively stated that the Mustang did not cross the center line nor swerve in any way.
Castile and his assistant, Shields, were just as positive in their testimony that Nason’s Mustang did cross the center line and swerved about eighteen inches into the passing lane at a time when Castile had made his move to pass and it was impossible to avoid hitting Nason’s automobile.
Jimmy Smith and Robert Ray McNeese both testified that Nason admitted to them immediately after the accident that he swerved over the center line of the highway to avoid hitting the dog. Mrs. Reba Chism and her daughter, Linda Brown, testified that one or two cars separated their automobile and the tractor-trailer as they drove south on Highway 25 toward Aberdeen and that they saw the Ford Mustang swerve across the center line about a foot.
Several excellent pictures were introduced into evidence showing the scene of the accident, the course of the skid marks, the final position of the tractor-trailer and the Mustang, and the damage to each. One picture clearly showed the heavy skid mark of the right front tire of the tractor beginning in the south-bound lane, curving over the center line into the passing lane, and then curving back to the west over the center line. Other skid marks admittedly made by the trailer, as it proceeded off the left or east side of the highway, were clearly visible in these pictures. The testimony was that the right front bumper of the tractor was bent down on the right front tire tire on impact with the Mustang. Nason and Derrick testified that the point of impact was in the south-bound lane where the heavy skid mark made by the right front tire of the tractor began. Castile and Shields marked the point of impact on the pictures at a spot over the center line about a foot into the passing lane.
In contending that he was entitled to a directed verdict and that the jury verdict as to him was against the overwhelming weight of the evidence, Nason vigorously argued that the pictures clearly showed that the point of impact was in the southbound lane, that this was conclusively proved by the heavy skid mark that began when the right front bumper of the tractor was bent down on the right front tire on impact with the Mustang. Castile and Shields contended that when the Mustang swerved across the center line that Castile applied his brakes, locking all four wheels of the tractor and causing it to skid six to ten feet before colliding with the Mustang.
*277 While the testimony of Nason and Derrick, bolstered by the visual evidence of the pictures as to the point of impact, is plausible, reasonable and logical, it is not conclusive. These pictures do not prove topographical features of the terrain differing from the oral testimony as was the case in Russell v. Miss. Central R. R. Co., 239 Miss. 741, 125 So.2d 283 (1960). Neither were they offered to prove, nor do they prove, exact mathematical measurements differing from those given in oral testimony. While the conflicting testimony of Castile and Shields as to the point of impact perhaps is not as plausible and reasonable as that of Nason and Derrick, still it is a matter on which reasonable and prudent people could differ in their reasoning and interpretations. It, therefore, posed a question for the jury to answer, namely, whose negligence was a proximate contributing cause of the injuries to the appellee.
The jury resolved this question by finding that both defendants were negligent and that the negligent acts of both proximately caused the accident. We cannot say that the jury was wrong in its decision. From the testimony and the evidence adduced, the jury could have found against both defendants, as they did, or against either defendant. Their verdict was supported by substantial evidence.
Nason contends that Plaintiff’s Instruction Number 1, being a general instruction as to both defendants on reasonable and proper speed and keeping their vehicles under proper and constant control, was erroneous and should not have been given. Nason also contends that Instructions 4 and 5 for Defendants Castile and Conley Brothers were fatally defective.
Suffice it to say that Instructions 4 and 5 for Castile and Conley Brothers advised the jury that if their findings were such and such that they would return a verdict for the defendants, Castile and Conley Brothers, and for the plaintiff against Nason only. The jury did not follow either of these instructions, disregarded both of them, and brought in a verdict against all defendants.
Appellant Nason, in his Instructions 3, 4, 5, and especially 7, presented his theory of the case to the jury, and we feel that the instructions as a whole fairly presented the differing theories of the plaintiff and the defendants to the jury. We do not feel that the jury was misled by the instructions given.
The appellee’s injuries were substantial and some were of a permanent nature. Under all the circumstances we cannot say that the verdict was so excessive as to show bias, passion and prejudice against Appellant Nason.
This case has focused- our attention on a hiatus in the law as to what a jury can and cannot do with reference to apportioning the verdict. By virtue of our comparative negligence statute, Section 1454 Mississippi Code 1942 Annotated (1956), the jury is authorized to apportion damages between the main parties to the lawsuit, namely, the plaintiff and the defendant. That section provides in part:
“[Djamages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.”
There is no law that authorizes the jury to apportion the verdict as to joint tort feasors. It is true that Section 335.5 Mississippi Code 1942 Annotated (1956) provides for dividing the judgment equally among all the defendants, but that is as far as the law goes. It would appear reasonable and logical that if the jury can apportion between the main parties, they should be able to apportion their verdict according to the degree of negligence of the several defendants. However, this is a problem that can only be resolved by the Legislature. The courts can interpret and *278 construe the law, but they should not make the law. The judgment of the trial court will be affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, INZER, and SMITH, JJ., concur.