VICKSBURG AND MERIDIAN RAILROAD COMPANY *v.* JOHN ALEXANDER.

RAILROAD COMPANY.    *Obstruction of highway.    Liability for damage.    Contributory negligence.    Case in judgment.*

A locomotive and train of cars stopped at a station on the railroad for an hour, with the locomotive extending three and a half feet across a public highway. A., who was a physician and wished to visit a patient, after waiting about twenty minutes for the train to move off, attempted to cross with his horse and buggy in front of the locomotive, there being plenty of space in the highway unobstructed for his vehicle to pass. The engine was not whistling, nor blowing off steam. A. led his horse, though he thought the animal was gentle. When opposite the locomotive the horse became frightened, ran away, and broke the buggy. A. sued the railroad company for the damage thus sustained by him. *Held* (1), that the obstruction of the highway was improper, and for any damage directly traceable thereto the defendant is liable; and (2) that the plaintiff's attempt to pass was not such contributory negligence as to deprive him of his right of action for the injury sustained, but it was for the jury to determine whether he was entitled to recover.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

A locomotive and train of cars belonging to the Vicksburg and Meridian Railroad Company and being used upon its road, was left standing for about an hour, so as to partially obstruct a public street or highway crossing in the town of Bolton. John Alexander, a physician, who wished to pass over the crossing with his horse and buggy for the purpose of visiting a patient, after waiting about twenty minutes for the train to move, undertook to lead his horse across the railroad track, but the animal, when opposite the locomotive, which extended three and a half feet into the street, became frightened and unmanageable and ran and broke the buggy. At that time the engine was not whistling, or blowing off or otherwise noisily discharging steam. Alexander sued the railroad company for the damages sustained by him in the breaking of his buggy and the depreciation in value of his horse, which he alleged had become unsafe for use after running away. He claimed one hundred and seventy-five dollars for his damages. The jury gave him a verdict for one hundred and twenty-five dollars. The court refused to set aside the verdict, and from the judgment thereon the defendant appealed. The other facts of the case necessary to be known are stated in the opinion of the court.

*Nugent & Mc Willie,* for the appellant.

The law stands about thus : At a railroad crossing neither the travelers upon the highway nor the railroad company have an exclusive right of passage, but their rights are concurrent. Railroad companies in operating their cars must be held, in crossing public highways and thoroughfares, to so regulate the speed of their trains and to give such signals to persons passing that all may be *apprised of the danger* of crossing the railroad track ; and they should also keep a lookout so as to see and as far as possible prevent injury to others exercising their legal rights. A failure in any of these duties on their part should render them liable for injuries inflicted and from wrongs resulting from its omission. But while the road is held to this degree of care it is equally the duty of a person crossing the track of a railroad to be on his guard and to see that

62 MISS.—32

he is not incurring danger to himself and to his property.    He has no right to shut his eyes and close his ears to the danger he is liable to incur at such a place, and if he does, then he must be respon- sible for the consequences of his carelessness, unless the other party has been guilty of misconduct still more gross and willful.    *Railroad Co.* v. *Heileman,* 49 Pa. St. 60 ; *Railroad Co.* v. *Still,* 19 Ill. 499 ; *Shaw* v. *Railroad Co.,* 8 Gray 45, 79.

Appellee ventured upon the track of the railroad and miscalcu- lated as to the chances of crossing, and the risk was his.    The ap- pellant did nothing ; its servants were wholly without blame ; its engine was not in motion and was making no noise.    *Railroad Co.* v. *Fears,* 53 Ill. 115 ; *Van Schack* v. *Railroad Co.,* 43 N. Y. 527 ; *Railroad Co.* v. *Houston,* 33 Ind. 335 ; *Hames* v. *Railroad Co.,* 41 Iowa 227 ; *Railroad Co.* v. *Whittaker,* 24 Ohio St. 642 ; *Finlay- son* v. *Railroad Co.,* 1 Dill. 579 ; *Railroad Co.* v. *Goddard,* 25 Ind. 185 ; *Mayo* v. *Railroad Co.,* 104 Mass. 137 ; *Fava* v. *Rail- road Co.,* 114 Mass. 350.

*H. Peyton,* and *Wells & Williamson,* for the appellee.

There can be no question that a traveler along a public highway has a right of action against one who either obstructs the public highway for more than a reasonable time, or " who *negligently* or *unlawfully* places in such highway objects which from their appear- ance are likely to frighten a horse of *ordinary* training or docility." 1 Thompson on Negligence, p. 349, § 14, and citations ; *L.* v. *O. C. R. R. Co.,* 10 Cush. 562 ; *B.* v. *R. R. Co.,* 2 Cush. 539.

The unlawful or unreasonable obstruction of a highway is a *public* nuisance, and if any person has sustained special damages in consequence of such obstruction he may maintain a civil suit there- for against the obstructor.    1 Thompson on Neg., p. 340, note § 1, and numerous authorities there cited.

Where the negligence of a plaintiff is relied upon to defeat his recovery, he must have been guilty of at least ordinary negligence. His failure to take *great care* is no defense to the action.    Shearm. & Red. on Neg., § 29, foot-notes with numerous authorities.

Some risks are taken by the most prudent men.    The plaintiff is not debarred from recovery, if he has adopted the course that most

prudent men would take under similar circumstances.   Shearm. & Red. on. Neg.; §§ 30 and 31, and the foot-notes, specially foot-note one, § 31 above.   Shearm. & Red. on Neg., § 490, say that it is not negligence for one to *pass through* a train that is standing as an obstruction to a public highway for an unreasonable time, though it might be at obvious risk.

CAMPBELL, C. J., delivered the opinion of the court.

The train of the appellant was left for about an hour with a part of it extending three and a half feet into the street at the crossing. It was improper to thus partially obstruct the crossing, and for any damage directly traceable to this wrong of the appellant it is answerable.   It cannot be said that the appellee, in attempting to cross as he did, was guilty of contributory negligence so as to deprive him of a right of action for the injury sustained.   There was room for a horse and buggy to pass in front of the train.   All were thus invited to cross.   The horse of the appellee was, as he thought, gentle, and could with safety be led across, and he attempted the passage.   The result showed he was mistaken, but his course was a most natural one under the circumstances, and it was properly left to the jury to determine whether he should recover, and the court rightly refused to disturb the verdict.   If the train had been three and a half feet further back so as to have cleared the crossing, the horse might have been frightened as it was, but there would have been no wrong by the appellant and no responsibility for the accident.

*Affirmed.*