JARRELL v. NEW ORLEANS & N. E. R. Co.

[67 South. 659.]

1. RAILROADS. *Injuries to persons on track. Blocking crossings. Proximate cause. Contributory negligence.*
   The blocking of a crossing by a railroad company in violation of the statute is negligence *per se.*

109 Miss. 4

2. RAILROADS. *Injuries to persons on track. Proximate cause..*
Where a railroad company in violation of the statute, blocked a crossing with a long string of cars and were in the habit of doing this, and a boy was killed about one hundred yards from the crossing while crawling under the standing cars, by such cars being moved without warning by a locomotive running into them. In such case the negligent blocking of the crossing in violation of the statute, directly contributed to the boy's death, and the negligence of the boy, if any, did not bar an action for his death.

APPEAL from the circuit court of Pearl River county. HON. A. E. WEATHERSBY, Judge.

Suit by Geo. W. Jarrell against the New Orleans & Northwestern Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Sullivan & Conner* and *Bilbo & Smith,* for appellant.

*R. H. & J. H. Thompson* and *A. S. Bozeman* for appellee.

COOK J., delivered the opinion of the court.

Appellant sued appellees in the circuit court of Pearl River county for negligently causing the death of his son.

The record shows that appellant and his son, desiring to go from one part of the town of Picayune to another part of the town, were confronted with the choice of walking about a quarter of a mile beyond one crossing and there cross the railroad track, or walking a half mile in another direction to an unblocked crossing, or climbing over or crawling under cars parked along the railroad track for about three-quarters of a mile. When they approached the track they looked up and down the track, and discovered that there was an unbroken string of cars extending a half

mile in one direction and a quarter of a mile in the
other direction. The nearest public crossing was about
one hundred yards from the place where they reached
the track, but the string of cars extended over this
crossing, and beyond, for a quarter of a mile. They did
not see or hear any locomotive, and, believing it would
be safe to crawl under the cars, they proceeded to make
the attempt. Before they got across, a locomotive,
without signal or warning, butted into the string of
cars south of the road crossing, and about a quarter
of a mile away from the point where they were attemp-
ting to cross the track. The string of cars being all con-
nected and a solid mass, the locomotive, when it moved
against one end of the string, caused a movement of
the whole, including the car under which plaintiff and
his son were attempting to cross the track. Thus it
was that the son of plaintiff was struck by the wheels
of the car, with the result that he was fatally injured,
dying within a few hours. In addition to the facts just
stated, it appears from the record that it was the habit
of the railroad company to park its cars on this stretch
of track, and to habitually disregard the rights of the
public by blocking the road crossing just south of the
scene of this tragedy. At the close of the evidence of
plaintiff which developed the facts just detailed, the
court, at defendant's request, directed the jury to re-
turn a verdict in favor of the defendant, which was ac-
cordingly done.

The blocking of the crossing was a violation of the
statute and constituted negligence *per se.* It seems to
us that this negligence directly contributed to the
death of this boy. The agents of defendant, conscious-
ly violating the law, should have taken every precau-
tion to prevent any injury to others. The record
shows that no warning was given—the whistle was not
sounded and the bell was not rung. What the em-
ployees of defendant in charge of the locomotive were

doing does not appear. The jury would have been warranted in believing that the boy would have safely passed over the track, if the public crossing had been left open as the law required.

The defendant's employees were negligent, and the negligence of the injured boy, if any, does not bar the action.

*Reversed and remanded.*