Carl McCULLOCH and Nora Dell McCulloch, Plaintiffs-Appellees, Cross-Appellants,

v.

Thomas GLASGOW et al., Defendants-Appellants, Cross-Appellees.

No. 78–1732.

United States Court of Appeals, Fifth Circuit.

June 23, 1980.

Rehearing Denied Aug. 8, 1980.

Carl F. Andre, Jackson, Miss., for defendants-appellants, cross-appellees.

James D. Waide, III, West Point, Miss., for plaintiffs-appellees, cross-appellants.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

GODBOLD, Circuit Judge:

This suit arises out of efforts of the town of Ackerman, Mississippi, to build a street on a strip of land of disputed ownership. The town claims to have acquired by prescription an easement for a public street along the strip, which is located across the front of the lot on which the home of plaintiffs is located. The plaintiffs, Carl and Nora Dell McCulloch, have no record title to the strip, but claim that by adverse possession they have acquired title in fee simple to the strip, unencumbered by the town's alleged prescriptive easement.

With knowledge of plaintiffs' claim of title and without taking action to determine or settle the competing claims between it and plaintiffs, the town knocked down plaintiffs' fences, bulldozed the strip, and built a street on it.

Plaintiffs sued the town and Mayor Thomas Glasgow, asserting a federal claim (under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983) for damages for taking of property without due process and a state claim for damages for taking property without just compensation in violation of Mississippi Constitution § 17.

In answer to Rule 49(a) interrogatories the jury made these critical findings: plaintiff Carl McCulloch acquired ownership of the strip of land by adverse possession; the strip was taken by the town without payment of just compensation; whether or not Carl McCulloch had title to the strip of land he had a legitimate or bona fide claim of entitlement to it and the town intruded upon this claim without due process; Mayor Glasgow authorized the intrusion upon the land with malicious intent to deprive Carl McCulloch of his constitutional rights or cause other injuries to him. Judgment was entered for $20,000 actual damages against the town and Mayor Glasgow and $5,000 punitive damages against Glasgow alone.

Defendants appeal. We reverse.

### I. The state and federal claims

■ Award of damages based on the state claim for taking without just compensation cannot stand. The court did not instruct the jury that the plaintiffs could not claim rights in the contested strip of land based upon holding adversely against the town, and the defendants properly objected. Defendants are correct that under Mississippi law one may not hold adversely against a municipality. *Bright v. Michel*, 242 Miss. 738, 137 So.2d 155, 158 (1962); *Grayson v. Robinson*, 240 Miss. 59, 126 So.2d 247, 249 (1961); *Melvin v. Parker*, 223 Miss. 430, 78 So.2d 477 (1955); *City of Ellisville v. Webb*, 151 Miss. 302, 117 So. 836, 838 (1928); *Witherspoon v. City of Meridian*, 69 Miss. 288, 13 So. 843 (1891); *see also* Miss.Const. art. 4, § 104. If the town had acquired an easement by prescription and had not abandoned it, plaintiffs could not by adverse possession acquire title free and clear of the town's easement. The jury instructions thus permitted a finding inconsistent with Mississippi law. Plaintiffs contend that adverse possession against the town is practically the same as abandonment by the town and that the jury was properly instructed on abandonment. The argument has no merit. Adverse possession and abandonment are different concepts and are governed by different bodies of law. Because of this error in the instructions the jury's findings on the state claim cannot stand, and to the extent the judgment is based on these findings it must be reversed.

■ Next we turn to the federal due process claim. The plaintiffs possessed a sufficient property interest in the land to entitle them to a due process hearing. In order to trigger the requirement of a hearing, title to the property need not be undisputed. Plaintiffs need allege only a "significant property interest." *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252, 266 (1978). Regardless of the ultimate success of plaintiffs' claim of title to the property, the conflict between their arguable unencumbered title and the town's arguable easement was sufficient to create a significant property interest entitling plaintiffs to a due process hearing. Denial of such hearing was an actionable wrong independent of the uncompensated taking. *Carey v. Piphus, supra; Fuentes v. Shevin*, 404 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Thus an award of some damages was appropriate under the jury's findings. But the substantial amount awarded cannot stand. It is not possible to tell whether the jury based damages on actual injury suffered as a result of the taking, actual injury suffered as a result of the denial of a hearing, or injury presumed from the denial of a hearing. *Carey v. Piphus, supra*, prohibits any but nominal damages for presumed but unproven injury that arises solely from the denial of a hearing.[1] Thus, to the extent the judgment is based upon the federal claim, it must be reversed. *Smalling v. Epperson*, 435 U.S. 948, 98 S.Ct. 1572, 55 L.Ed.2d 797 (1978); *Newman v. Board of Education of City School Dist. of N. Y.*, 594 F.2d 299, 306 & n. 5 (2d Cir. 1979); *Burt v. Abel*, 585 F.2d 613, 616 (4th Cir. 1978); *see also, Halperin v. Kissinger*, 606 F.2d 1192, 1207 n. 100 (D.C. Cir.), *pet. for cert. filed*, —— U.S. ——, 100 S.Ct. 1308, 63 L.Ed.2d 757 (1979); *Skehan v. Board of Trustees of Bloomsburg State College*, 590 F.2d 470, 493 n. 3 (3d Cir. 1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979); *Hernandez del Valle v. Aponte*, 575 F.2d 321, 324 (1st Cir. 1978).

### II. Joinder

Defendants contend that the heirs of the original owners, against whom the plaintiffs claim adversely, should have been joined as indispensable parties under F.R. Civ.P. 19. They did not, however, raise this issue by proper motion before the trial court.

---

1. If the jury found, as it could have, that plaintiffs suffered no actual injury from the denial of a hearing, any award based upon taking of their land without due process would arguably suffer the same defect as the award under the state claim for taking without compensation.

Possibly the error in instruction was so placed in the overall jury instructions that it related to only the state claim. Since our decision on the federal claim is based on other grounds, we need not decide this point.

■ Defendants correctly argue that the interests of the unjoined parties must be considered in a Rule 19 motion. *Schutten v. Shell Oil Co.,* 421 F.2d 869 (5th Cir. 1970); *Broussard v. Columbia Gulf Transmission Co.,* 398 F.2d 885 (5th Cir. 1968). However, a district court judgment that plaintiffs were entitled to a due process hearing would not adversely affect the heirs. As we noted earlier, plaintiffs need only show a "significant property interest" in order to compel the town to afford them a hearing. Such an interest is not necessarily incompatible with claims of property rights by heirs of the former owner. Moreover, the heirs would not be bound by the court's decision under either federal or Mississippi law. *See U. S. v. Maine,* 420 U.S. 515, 95 S.Ct. 1155, 43 L.Ed.2d 363 (1975); *Drier v. Tarpon Oil Co.,* 522 F.2d 199, 200 (5th Cir. 1975); *Dudley v. Smith,* 504 F.2d 979, 982 (5th Cir. 1974); *Southern Naval Stores Co. v. Price,* 202 Miss. 116, 32 So.2d 575 (1947); *Skrmetta v. Moore,* 202 Miss. 585, 30 So.2d 53 (1947).

■ Thus, although the defendants' failure to raise the issue in the district court does not constitute a waiver, *Kimball v. Florida Bar,* 537 F.2d 1305, 1307 (5th Cir. 1976), we find that no purpose would be served by requiring joinder under the circumstances presented here. *See Sierra Club v. Hathaway,* 579 F.2d 1162, 1166 (9th Cir. 1978) ("when the judgment appealed from does not in a practical sense prejudicially affect the interests of the absent parties, and those who are parties have failed to object to non-joinder in the trial court, the reviewing court will not dismiss an otherwise valid judgment").[2]

## III. Other issues

■ The jury found that plaintiffs were not afforded due process. The defendants' contention that this finding was not supported by sufficient evidence is frivolous.

■ In support of the claim for damages, plaintiffs submitted evidence that as a consequence of the taking Carl McCulloch suffered a heart attack. Defendants incorrectly assert that unless there is a physical impact damages for mental or emotional suffering are not recoverable in Mississippi. *See First National Bank v. Langley,* 314 So.2d 324 (Miss.1975).[3]

■ Defendants also argue that because the heart attack was not foreseeable, plaintiffs may not recover damages. This argument fails on two grounds. Foreseeability applies only in negligence cases. An intentional tortfeasor is held to a higher standard in Mississippi. *State ex rel. Richardson v. Edgeworth,* 214 So.2d 579 (Miss. 1968). The jury found that Mayor Glasgow acted with malicious intent. Moreover, even if defendants' liability is predicated solely on negligence, under Mississippi law the particular harm to plaintiff need not be foreseeable. "The gist of the action [is] the unreasonable exposure of the [plaintiff] to a foreseeable risk of some harm." *Billups Petroleum Co. v. Entrekin,* 209 Miss. 302, 46 So.2d 781, 784 (1950); *see also Marshall Durbin, Inc. v. Tew,* 362 So.2d 601, 603 (Miss.1978); *Griffin v. Harkey,* 215 So.2d 866, 868–69 (Miss.1968); *Nobles v. Unruh,* 198 So.2d 245, 248 (Miss.1967); *Brewer v. Town of Lucedale,* 189 Miss. 374, 198 So. 42, 45 (1940); *Magers v. Okolona, Houston & Calhoun City R. Co.,* 174 Miss. 860, 165 So. 416 (1936). The heart attack itself need not have been foreseeable if defendants reasonably should have foreseen that their actions would expose plaintiffs to risk of some otherwise compensable injury.

■ Punitive damages may also be awarded in a § 1983 action even without actual loss, despite local law to the contrary. *See, e. g., Silver v. Cormier,* 529 F.2d 161, 163 (10th Cir. 1976); *Spence v. Staras,* 507 F.2d 554, 558 (7th Cir. 1974); *Stolberg v. Board of Trustees,* 474 F.2d 485, 489 (2d Cir. 1973); *Mansell v. Saunders,* 372 F.2d 573, 576 (5th Cir. 1967).

2. However, there is no jurisdictional barrier to joinder should the trial court determine on retrial that joinder is advisable and feasible. We merely decline to require joinder.

3. Moreover it is doubtful that the impact doctrine ever applied to intentional as opposed to negligent torts. *Lyons v. Zale Jewelry Co.,* 246 Miss. 139, 150 So.2d 154 (1963).

Defendants also challenge the district court's jurisdiction over the town. The action against the town was originally brought under 28 U.S.C. § 1331 for claims allegedly arising directly under the Fifth and Fourteenth Amendments. The Supreme Court has recently upheld such a direct cause of action in the context of due process violations. *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). Moreover, while only Mayor Glasgow was amenable to suit under 42 U.S.C. § 1983 at the time the suit was first brought, *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), jurisdiction under § 1983 now extends to both the mayor and the town. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). There are therefore no remaining jurisdictional barriers to the suit against the town. *See Kingsville Independent School District v. Cooper*, 611 F.2d 1109 (5th Cir. 1980). Finally, defendants' objection that they were erroneously deprived of a good faith defense is patently without merit, as an instruction on good faith, patterned on *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), was given by the trial judge.

Other issues raised by defendants are not likely to occur in a retrial.

### V. Attorneys' fees

Should plaintiffs prevail on retrial they are entitled to attorneys' fees against both defendants under 42 U.S.C. § 1988 unless special circumstances would render such an award unjust. *Concerned Democrats of Florida v. Reno*, 601 F.2d 891 (5th Cir. 1979); *Morrow v. Dillard*, 580 F.2d 1284 (5th Cir. 1978). Any award should include fees for services rendered on this appeal and remand therefrom. *Kingsville Independent School District v. Cooper*, 611 F.2d 1109 (5th Cir. 1980); *Johnson v. Mississippi*, 606 F.2d 635 (5th Cir. 1979).

REVERSED.