Lucinda **PETTY**, Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF WYANDOTTE, KANSAS, et al., Defendants.**

No. 96–2027–JWL.

United States District Court, D. Kansas.

June 7, 1996.

**48**

Mark A. Rohrbaugh, Michael R. Lawless, Overland Park, KS, for Lucinda Petty.

Tessa K. Jacob, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, James D. Conkright, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, Matthew W. Tills, Kansas City, MO, Jack L. Fortini, Fortini, Magruder, Bolanovich & Tills, Kansas City, MO, for Board of County Com'rs of County of Wyandotte, Michael S. Dailey, John Doe, Jane Doe.

Michael K. Seck, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for Muncie Auto Salvage, Inc.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case comes before the court on the plaintiff's motion for partial summary judgment concerning her standing to bring this lawsuit (Doc # 27) and on the plaintiff's motion to reconsider the court's February 29, 1996, order denying class certification (Doc # 21) as well as the defendants' motions for summary judgment also concerning the plaintiff's standing to bring this lawsuit (Docs # 30 & # 33) and defendants Wyandotte County, Kansas, Michael S. Dailey, John Doe, and Jane Doe's motion to strike the plaintiff's motion for partial summary judgment (Doc. # 31). For the reasons discussed below, the court grants the plaintiff's motion for partial summary judgment and denies the other motions.

### I. Summary Judgment Motions.

#### A. Facts.[1]

On February 25, 1993, the plaintiff and George Petty were divorced. Pursuant to their divorce decree, the plaintiff was awarded a 1983 Chevrolet Chevette ("Car") "free and clear of any right, title or interest" held by George Petty. Although the Car remained in her possession during the relevant time period, the plaintiff failed to take the necessary steps to transfer the Car's certificate of title from George Petty's name to her name.

In January of 1995, the plaintiff was residing at Park Victoria, an apartment complex located at 2311 Victoria Drive, Kansas City, Kansas ("Complex"). On January 19, 1995, the manager of Park Victoria, Ms. Kathy Perkins, sent a letter to the Wyandotte County Sheriff's Department giving it permission "to enter onto [the Complex] for the purpose of [car] tag enforcement." On January 24, 1995, officers from the Wyandotte County Sheriff's Department went to the Complex to investigate whether any of the cars parked in the Complex's parking lot displayed expired tags, stolen tags, improper tags, or no tags at all. During their investigation, the officers noticed a 1983 Chevrolet Chevette without any tags. A check of the Car's registration number revealed that its registration had expired. Because the Car was not properly registered or displaying a valid tag, the officers impounded it without attempting to provide any notice to the Car's owner.

Upon realizing that her Car had been impounded, the plaintiff went to the sheriff's office to facilitate its return. The sheriff's office informed her that she needed to provide proof of ownership before the Car could be released to her. The plaintiff never provided such proof. Moreover, a check of the Car's identification number revealed that the Car was titled to Mr. George Petty, not the plaintiff.

On January 12, 1996, the plaintiff filed this civil rights action under 42 U.S.C. § 1983.

---

1. The material facts of this case are not controverted. The only issues presented in this motion are legal in nature.

The plaintiff alleges that the defendants violated her Due Process property rights as protected under the Fourth and Fourteenth Amendments by towing her Car without either a warrant, prior notice, or a hearing and that the defendants' conduct constitutes civil conversion.

## B. Standard.

■ When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party. *Jones v. Unisys Corp.*, 54 F.3d 624, 628 (10th Cir.1995). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533 (10th Cir.1995). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

■ Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The non-movant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511. More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

## C. Discussion.

### 1. Standing.[2]

■ Whether a plaintiff has standing to bring a lawsuit is a threshold issue which is jurisdictional in nature. *Umbehr v. McClure*, 44 F.3d 876, 878 (10th Cir.1995). In order to establish standing, the plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the ... relief" the plaintiff requests. *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984)). The plaintiff's alleged injury must be distinct and palpable, not conjectural or hypothetical. *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206–07, 45 L.Ed.2d 343 (1975)).

■ To have standing to sue under section 1983 for violations of one's property rights as protected under the Fourth and Fourteenth Amendments, the plaintiff must allege a deprivation of a sufficient property interest. *See Seamons v. Snow*, 84 F.3d at 1226 (10th Cir.1996). State law controls whether the plaintiff had a sufficient interest in the property allegedly wrongfully deprived from the plaintiff. *See Patrick v. Miller*, 953 F.2d 1240, 1244 (10th Cir.1992); *see also Seamons*, 84 F.3d at 1234. If a sufficient property interest is found, the government cannot deprive an individual of that interest without due process. *Seamons*, 84 F.3d at 1234 (citing *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir.1989)).

### 2. Analysis.

The defendants argue that the plaintiff lacks standing to bring this lawsuit because she does not have a protected property interest in the Car. Specifically, the defendants argue that because she does not have an ownership interest in the Car due to the fact that her name is not on the Car's certificate of title, the plaintiff cannot assert that her

---

**2.** As a preliminary matter, the court denies the defendants' motion to strike the plaintiff's motion for partial summary judgment. Although they summarily argue that the plaintiff's motion for partial summary judgment concerning the issue of standing should be stricken because it is not dispositive of any claim in this case as required under Fed.R.Civ.Pro. 56, the defendants do not

properly brief their position, in violation of Local Rule 7.1(a). Moreover, the court believes the issue concerning whether the plaintiff has standing to bring this lawsuit is appropriately raised in a motion for partial summary judgment. *See* 10 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 2711 (1996).

Fourth Amendment and Fourteenth Amendment property rights were violated when the Car was impounded without any notice. In response, the plaintiff argues that she does have a sufficient ownership interest in the Car to bring this lawsuit based on two theories. First, the plaintiff argues that she is the true owner of the Car based on her divorce decree which transferred the Car to her free and clear of Mr. Petty's interest. In the alternative, the plaintiff argues that even if she is not the true owner of the Car, she has standing to bring this lawsuit because Kansas law recognizes that one can have an ownership interest in a vehicle despite the fact that one's name is not listed on the vehicle's certificate of title.

 Based on the uncontroverted evidence, the court concludes that the plaintiff has a sufficient interest in the Car to provide her with standing to sue for violations of her constitutional rights under section 1983 arising from the allegedly wrongful towing of the Car. *See Seamons*, 84 F.3d at 1234; *see also McCulloch v. Glasgow*, 620 F.2d 47, 50 (5th Cir.1980) ("In order to trigger the requirement of a hearing, title to the property need not be undisputed."). Although the Car was not titled in her name, the uncontroverted facts indicate that the plaintiff was clearly the primary operator of the car and that she had an enforceable ownership interest in the Car as well as a legitimate claim of entitlement to it based on the Divorce Decree. As a result, the court concludes that the plaintiff's interest in the Car is sufficient to provide the plaintiff with standing to bring this lawsuit, *Scofield v. City of Hillsborough*, 862 F.2d 759, 762 (9th Cir.1988)· ("The uninterrupted use of one's vehicle is a significant and substantial private interest."); *Katona v. City of Cheyenne*, 686 F.Supp. 287, 295 (D.Wyo.1988) ("Loss of the use of a private car deprives the owner of a property that may be taken only in accordance with the Due Process Clause of the Fourteenth Amendment.") (citations omitted); *Adamson v. City of Provo, Utah*, 819 F.Supp. 934, 949 (D.Utah 1993) ("To establish a property interest, a plaintiff must demonstrate that he or she has a 'legitimate claim of entitlement' to it. [*Board of Regents v.*] *Roth*, 408 U.S. [564] at 577 [92 S.Ct. 2701 at 2709, 33 L.Ed.2d 548 (1972) ].") and, therefore, grants the plaintiff's motion for partial summary judgment and denies the defendants' motions for summary judgment and motion to strike. Fed.R.Civ.P. 56(c); *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533 (10th Cir.1995).

## II. Motion to reconsider.

### A. Standard.

 Under Fed.R.Civ.P. 59(e), the court, in its discretion, may alter or amend a judgment under certain circumstances. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988). Specifically, a court may reconsider an order if there is an intervening change in controlling law, if new evidence becomes available, or if the court determines that there is a need to correct clear error or prevent manifest injustice. *United States v. One Parcel Property*, No. 91–2398–GTV, 1993 WL 289198 at *1 (D.Kan. August 18, 1993). However, a Rule 59(e) motion is directed at reconsideration "of matters properly encompassed in a decision on the merits, and not initial consideration." *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982).

### B. Discussion.

#### 1. Class certification.

The standard for certifying a class action appears in Fed.R.Civ.P. 23. Initially, the district court must determine whether the four threshold requirements of Rule 23(a) are met. *Adamson v. Bowen*, 855 F.2d 668, 675 (10th Cir.1988). Those four requirements are (1) that the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). If it determines that these requirements are met, the court must then examine whether the action falls within one of three categories of suits set forth in Rule 23(b). *Adamson*, 855 F.2d at 675.

## 2. Analysis.

Although the court believes that the plaintiff has standing to bring a lawsuit arising out of the alleged wrongful towing of her Car, the court does not believe that the plaintiff satisfies the "typicality" or "fairly and adequately protect" requirements of Fed.R.Civ.Pro. 23(a)(3) & (4). Specifically, the court believes (1) that the plaintiff's property interest in her car is not typical based on the fact that her name does not appear on the Car's certificate of title, (2) that the plaintiff's failure to title the Car in her name would have an incurable detrimental effect on other members of the class who did title their cars in their name, and (3) that because her name is not reflected on the Car's certificate of title, it is possible that she might be entitled to less or different process than those class members who did title their cars in their name. As a result, the court, in its discretion, denies the plaintiff's motion to reconsider because although the court believes that the plaintiff has standing to bring this lawsuit for alleged wrongs committed against her, the plaintiff has not convinced the court that the reasoning of its previous order denying class certification constituted clear error or a manifest injustice. *One Parcel Property,* 1993 WL 289198 at *1.

**IT IS THEREFORE ORDERED BY THE COURT** that the plaintiff's motion for partial summary judgment (Doc # 27) is granted and that the defendants' motions for summary judgment (Docs # 30 and # 33) and motion to strike (Doc # 31) are denied.

**IT IS FURTHER ORDERED** that the plaintiff's motion to reconsider (Doc # 21) is denied.

**IT IS SO ORDERED.**